IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT C. PERRY, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv334 |
| JODY UPTON | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Robert C. Perry, Jr., an inmate confined in the Federal Correctional Complex in Beaumont, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

Petitioner asserts he has been denied time credits to which he was entitled as ordered by the sentencing judge. Petitioner alleges that his prison record states he will not have good time subtracted from his sentence because the time has already been applied to his state parole.

## The Respondent's Motion for Summary Judgment

The respondent has filed a motion for summary judgment (docket entry no. 6). The respondent asserts that petitioner failed to exhaust the available administrative remedy procedure.

## Standard of Review

*Summary Judgment*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248,

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

*Exhaustion*

The respondent asserts that petitioner failed to exhaust the available administrative remedy procedure concerning the claims presented in this petition. The petitioner asserted in his petition that he had exhausted administrative remedies "according to the answers given by Assistant Warden Adducci." Petition at *4.

Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion requirement applies to the computation of sentence credit awards. *See, e.g. United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Rodriguez v. Lamar,* 60 F.3d 745, 747 (11th Cir. 1995). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir.1992).

The Federal Bureau of Prisons (BOP), which administers the prison in which plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.*

Petitioner asserted in his petition that he had exhausted administrative remedies "according to the answers given by Assistant Warden Adducci." However, a review of the attachments to his petition reveals that petitioner only filed an inmate request to staff. Petitioner does not assert, nor has he demonstrated that he exhausted his grievances by filing an appeal to the Office of General Counsel.

The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits. 28

C.F.R. § 0.96. If the BOP has miscalculated petitioner's sentence calculation or release date, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention).

The respondent submitted evidence that petitioner did not exhaust the available grievance procedure. Further, a review of the petition and the attached grievance make clear that petitioner did not exhaust all steps of the administrative remedy procedure. Thus, petitioner should be required to exhaust administrative remedies. Therefore, the respondent's motion for summary judgment should be granted. Accordingly, the petition should be dismissed without prejudice.

ORDER

For the reasons set forth above, the respondent's motion for summary judgment should be granted and the above-styled petition should be dismissed. It is therefore

**ORDERED** that the respondent's motion for summary judgment is **GRANTED.**

A final judgment will be entered in this case in accordance with this order.

**SIGNED** this the **11** day of **August, 2009.**

_____
Thad Heartfield
United States District Judge